IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VICTORIO R. BALAGAPO,

        Plaintiff,                      No. CIV S-09-0405 JAM GGH PS

    vs.

GMAC MORTGAGE, LLC, et al.,

                                         FINDINGS & RECOMMENDATIONS

        Defendants.

_____/

        This action was referred to the undersigned pursuant to Local Rule 72-302(c)(21). Plaintiff initiated this action on February 12, 2009. In the order requiring timely service and joint status report, filed February 12, 2009, plaintiff was advised of the requirement to obey federal and local rules and orders of this court, and the possibility of dismissal for failure to do so. Defendants GMAC Mortgage, LLC and Mortgage Electronic Registration Systems, Inc. filed a motion to dismiss on March 3, 2009, to which plaintiff did not respond. By order filed April 9, 2009, plaintiff was directed to show cause in writing within ten days for his failure to oppose the motion, and was directed to file an opposition in accordance with the Local Rules. Plaintiff was warned that failure to file an opposition or statement of non-opposition and appear at the hearing would be deemed a statement of non-opposition, and that a recommendation of dismissal would result. The hearing was continued for four weeks; however, plaintiff did not

respond to the show cause order, did not file an opposition, and did not appear at the hearing on the motion to dismiss.

Also before the court is Bank of America Corp.'s motion to dismiss, filed April 2, 2009. Plaintiff failed to oppose this motion also.

Although the court liberally construes the pleadings of pro se litigants, they are required to adhere to the rules of court. As set forth in this court's prior order, failure to appear at a scheduled hearing may be deemed not only withdrawal of opposition to a motion and but grounds for sanctions. E. D. Cal. L. R. 78-230(j). More broadly, failure to comply with the Local Rules "may be grounds for imposition . . . of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." E. D. Cal. L. R. 11-110; see also E. D. Cal. L. R. 83-183 (requiring compliance with the Local and Federal Rules by pro se litigants).

"Failure to follow a district court's local rules is a proper ground for dismissal." Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). The court should consider: (1) the public's interest in expeditious resolution of litigation, (2) the court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions. Similar considerations authorize dismissal of an action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). Link v. Wabash R.R., 370 U.S. 626, 633 (1962); McKeever v. Block, 932 F.2d 795, 797 (9th Cir. 1991). Moreover, failure to obey court orders is a separate and distinct ground for imposing the sanction of dismissal. See Malone v. United States Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (setting forth same factors for consideration as Ghazali).

The court has considered the factors set forth in Ghazali. "[T]he key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir.1990). Defendants are clearly prejudiced by the requirement of defending an abandoned case, and this court is put in the untenable position of expending limited judicial resources to decide such a case on the merits. The public's interest in expeditious resolution of litigation, the

1 | court's need to manage its docket, and the unsuitability of a less drastic sanction, direct that this
2 | case be dismissed.

Accordingly, IT IS RECOMMENDED this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge"s Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/29/09

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH:076/Balagapo0405.41.wpd