IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTORIO R. BALAGAPO, | Case No. 2:09-cv-00405-JAM-GGH |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO EXPUNGE LIS PENDENS |
| v. | |
| GMAC MORTGAGE, LLC, et al., | |
| Defendants. | |

This matter comes before the Court on Defendants GMAC Mortgage, LLC ("GMAC") and Mortgage Electronic Registration Systems, Inc.'s ("MERS")(collectively "Defendants") motion to expunge the Lis Pendens filed by Plaintiff Victorio R. Balagapo herein. (Doc. # 40.) Plaintiff opposes the motion. (Doc. # 42.) For the reasons set forth below, Defendants' motion is GRANTED.

Federal courts look to state law regarding matters pertaining to lis pendens. See 28 U.S.C. § 1964. "A lis

pendens is recorded by someone asserting a real property claim, to give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." <u>Federal Deposit Ins. Corp. v. Charlton</u>, 17 Cal. App. 4th 1066, 1069 (Cal. App. 2d Dist. 1993) (citing Cal. Code Civ. Pro. §§ 405.2, 405.4, 405.20). "Its effect is that anyone acquiring an interest in the property after the action was filed will be bound by the judgment . . . Once a lis pendens is filed, it clouds the title and effectively prevents the property's transfer until the litigation is resolved or the lis pendens is expunged." <u>BGJ Associates, LLC v. Superior Court of Los Angeles</u>, 75 Cal. App. 4th 952, 966-67 (Cal. App. Dist. 1999).

A motion for expungement may be brought at any time after notice of pendency has been recorded. Cal. Code Civ. Pro. § 405.30.  The party who recorded the notice of lis pendens bears the burden of proof in opposing expungement.  <u>Id.</u>  A lis pendens shall be expunged if the court finds either that the pleading on which the notice is based does not contain a real property claim, <u>id.</u> § 405.31, or that the claimant failed to establish by a preponderance of the evidence the probable validity of the real property claim, <u>id.</u> § 405.32.  See <u>Hunting World, Inc. v. Superior Court of San Francisco</u>, 22 Cal. App. 4th 67, 70-71 (Cal. App. 1st Dist. 1994).

Here, Plaintiff's Complaint was dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).  (Doc. # 26.) Plaintiff failed to demonstrate the probable validity of any real property claim and does not have leave to amend his Complaint.  As such, Plaintiff cannot establish by a preponderance of evidence the probable validity of any real property claim as required under CCP § 405.32.  Accordingly, there is no remaining basis for the lis pendens filed by Plaintiff herein.

Further, Plaintiff's untimely opposition to Defendants' motion to expunge lis pendens simply argues that the Court should grant Plaintiff's Rule 60(b) motion for relief from judgment.  Currently, however, Plaintiff has not properly noticed a Rule 60(b) motion with the District Court and thus, no such motion is before the Court.

For the reasons set forth above, Defendants' motion to expunge lis pendens is GRANTED.  The Court hereby orders the expungement of the lis pendens, document number 2009-0010567-00, that was recorded in the Placer County records by Plaintiff Victorio R. Balagapo on February 13, 2009.

IT IS SO ORDERED.

Dated: January 8, 2010

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE